UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEFFREY CHARLES MYERS,<br><br>　　　　　　　　　Plaintiffs,<br>v.<br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | Case No. 3:24-CV-00299-CLB<br><br>**ORDER GRANTING MOTION FOR RELIEF UNDER FRCP 60(b)**<br><br>[ECF No. 9] |

　　　　On July 9, 2024, Plaintiff Jeffrey Myers ("Plaintiff") filed a complaint for review of the final decision of the Commissioner of Social Security denying his claim for disability benefits under Title II of the Social Security Act. (ECF No. 1.) Plaintiff also filed an *in forma pauperis* ("IFP") application to proceed with his case without paying the filing fee. (ECF No. 1.) On July 10, 2024, the Court issued an order denying the IFP application. (ECF No. 5.) The Court ordered Plaintiff to either file a renewed IFP application demonstrating why he is entitled to IFP status or to pay the filing fee of $405.00 by no later than August 9, 2024. (*Id.*) Plaintiff was cautioned that his failure to timely follow the Court's order would result in dismiss of the case without prejudice. (*Id.*) On August 12, 2024, the Court issued an order dismissing the case without prejudice because Plaintiff had neither paid the filing fee nor filed a renewed IFP motion, (EFC No. 7), and judgment was entered accordingly, (ECF No. 8). On August 14, 2024, Plaintiff filed a motion for relief from judgment, asking that the Court set aside judgment, reopen the case, and allow Plaintiff to pay the filing fee. (ECF No. 9.)

　　　　Rule 60(b)(1) allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). To determine whether neglect is excusable, the Court considers "at least four factors" known as the *Pioneer-Briones* factors: "(1) the

danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000)).

Here, Plaintiff's counsel represents that Plaintiff failed to timely comply with the Court's order due to mistake, inadvertence or excusable neglect of his attorney—specifically that Plaintiff's counsel inadvertently did not calendar the deadline. (ECF No. 9 at 5-6.) Thus, Plaintiff requests that judgment be set aside, and Plaintiff be allowed to pay his filing fee within 48 hours of the granting of this motion. (*Id.* at 5.) Having reviewed the motion and considering the above, the Court finds that the *Pioneer-Briones* factors weigh in favor of finding excusable neglect to set aside the dismissal order.

Accordingly, **IT IS ORDERED** that Plaintiff's motion for relief, (ECF No. 9), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's August 12, 2024 Order dismissing this case without prejudice, (ECF No. 7), and the Judgment, (ECF No. 8), are **SET ASIDE and VACATED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to **REOPEN** this case.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **Monday, August 19, 2024,** to pay his filing fee.

**IT IS SO ORDERED**.

DATE: August 15, 2024.

_____
**UNITED STATES MAGISTRATE JUDGE**