UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEFFREY CHARLES MYERS,<br><br>Plaintiff,<br><br>v.<br><br>MICHELLE KING,[1]<br>Acting Commissioner of the Social<br>Security Administration,<br><br>Defendant. | Case No. 3:24-cv-00299-CLB<br><br>**ORDER DENYING MOTION FOR REVERSAL AND/OR REMAND**<br><br>[ECF No. 15] |

This case involves the judicial review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Jeffrey Charles Myers ("Myers") application for disability insurance benefits pursuant to Title II of the Social Security Act. Currently pending before the Court is Myers' motion for reversal and/or remand. (ECF No. 15.) The Commissioner filed a response, (ECF No. 17), but Myers did not file a reply. Having reviewed the pleadings, transcripts, and the Administrative Record ("AR"), (ECF No. 14), the Court concludes that the Commissioner's finding that Myers was not disabled under sections 216(i) and 223(d) of the Social Security Act was supported by substantial evidence. Therefore, the Court denies Myers' motion for reversal and/or remand, (ECF No. 15).

**I.    STANDARDS OF REVIEW**

**A.    Judicial Standard of Review**

This Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of

---

[1]    Michelle King is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Court must affirm an Administrative Law Judge's ("ALJ") determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (internal quotation marks and citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).

To determine whether substantial evidence exists, the Court must look at the administrative record as a whole, weighing both the evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citation omitted). Under the substantial evidence test, a court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza,* 50 F.3d at 749 (citation omitted). The ALJ alone is responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

It is incumbent on the ALJ to make specific findings so that the Court does not

speculate as to the basis of the findings when determining if substantial evidence supports the Commissioner's decision. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See id.*

### B.     Standards Applicable to Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of their claim for disability. *See* 20 C.F.R. § 404.1514. If the individual establishes an inability to perform their prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities, usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits the individual from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence

establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and meets the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Prior to considering step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. To the extent that objective medical evidence does not substantiate statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

After making the RFC determination, the ALJ must then turn to step four to determine whether the individual has the RFC to perform their past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). Past relevant work means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the RFC to perform their past work, then a finding of not disabled is made. If the individual is unable to perform any past relevant work or does not have any past relevant work, then the analysis proceeds to the fifth and final step.

The fifth and final step requires the ALJ to determine whether the individual can do any other work considering their RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the individual can do other work, then a finding of not disabled is made. Although the individual generally continues to bear the burden of proving disability at this step, a limited evidentiary burden shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.     CASE BACKGROUND

### A.     Procedural History

Myers first applied for disability insurance benefits ("DIB") on June 7, 2016, with an alleged disability onset date of August 22, 2014. (AR 18, 389.) Myers' application was initially denied on July 25, 2015, and again upon reconsideration on March 30, 2017. (*Id.*) A hearing was held before an ALJ and on December 18, 2018, ALJ William Kurlander issued a decision unfavorable to Myers, finding that he had "severe" impairments and could not perform past relevant work but could perform other working existing in significant numbers in the national economy. (AR 18, 396.) Myers did not appeal the ALJ's decision, and the decision became the final decision of the Commissioner for the period through

December 18, 2018. (AR 18.)

Myers filed a new application for a disability insurance benefits ("DIB") on March 30, 2021, with an alleged disability onset date of December 14, 2020. (AR 18, 43; ECF No 15 at 3.) Myers' application was denied initially on November 22, 2021, and again upon reconsideration on May 9, 2022. (AR 18, 411, 421.) Myers subsequently requested an administrative hearing and on June 24, 2022, Myers and his attorney appeared at a telephonic hearing before an ALJ. (AR 18, 38-67.) A vocational expert ("VE") also appeared at the hearing via telephone. (*Id.*) The ALJ issued a written decision on June 28, 2023, finding that Myers was not disabled. (AR 18-37.) Myers appealed, and the Appeals Council denied review. (AR 1-7.) Accordingly, the ALJ's decision became the final decision of the Commissioner. Having exhausted all administrative remedies, Myers filed a complaint for judicial review on July 9, 2024. (*See* ECF No. 1-1.)

On July 9, 2025, Myers filed a complaint in this Court seeking judicial review of the ALJ's decision. (ECF No. 1.) On September 9, 2024, the Commissioner filed the Certified Administrative Record. (ECF No. 14.) On November 11, 2024, Myers filed a Motion to Remand and/or Reverse. (ECF No. 15.) On December 9, 2024, the Commissioner replied. (ECF No. 17.) Myers had until December 23, 2024 to file a reply. (*Id.*) As of the date of this Order, no reply has been filed and the Court considers Myers' motion to reverse and/or remand ripe for the Court's review.

**B.     ALJ's Decision**

In the written decision, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. (AR 18-37.) Ultimately, the ALJ found Myers could not perform any past relevant work but that there were jobs that existed in significant numbers in the national economy that Myers could perform. (*Id.*) Thus, the ALJ found Myers had not been under a disability as defined in the Social Security Act from the alleged onset date, December 14, 2020, through the date of the decision. (*Id.*)

In making this determination, the ALJ started at step one. Here, the ALJ found Myers had not engaged in substantial gainful activity since the alleged onset date of

December 14, 2020. (AR 21.) At step two, the ALJ found Myers had the following severe impairments: spinal degenerative disc disease and right shoulder degenerative joint disease. (AR 21-25.) The ALJ also found Myers had "nonsevere" medically determinable mental impairments which cause "no more than 'mild' limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities." (AR 24.) The ALJ found there was a lack of objective medical evidence indicating medically determinable impairments due to attention-deficit/hyperactivity disorder (ADHD), pain in the left shoulder due to a cervical condition, and chronic pain. (*Id.*) At step three, the ALJ found Myers did not have an impairment or combination of impairments that either met or medically equaled the severity of those impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix. 1; 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. (AR 27.)

Next, at step four, the ALJ determined Myers has the RFC to perform light work as defined by 20 C.F.R. § 404.1567(b) except:

> the claimant is limited to walking/standing for four hours out of an eight-hour workday with standing limited to 30 minutes at one time. The claimant can sit for six hours out of an eight-hour workday. The claimant is limited to lifting 10 pounds with the right upper extremity. The claimant can frequently handle and finger with the right upper extremity, which is the dominant side. The claimant must avoid climbing ladders, ropes, or scaffolds. The claimant can occasionally crawl. The claimant can frequently climb ramps/stairs, frequently stoop, frequently kneel, or frequently crouch. The claimant can occasionally reach overhead with the right upper extremity. The claimant can frequently tolerate exposure to temperature extremes, vibrations, or hazards. The claimant would be off task approximately 3% to 5% of the workday.

(AR 25.) The ALJ found that Myers' medically determinable impairments could reasonably be expected to cause the symptoms alleged; however, Myers' statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. (AR 25-37) In reaching this conclusion, the ALJ reviewed and discussed the objective medical evidence, medical opinions, and other evidence in the record. (*Id.*) Relying on the testimony of the VE, the

ALJ determined that based on Myers' age, education, work experience, and RFC, Myers would not be able to perform his past relevant work. (AR 30-31.)

At step five, the ALJ determined there are other jobs that exist in significant numbers in the national economy that Myers could perform. (AR 31-32.) Relying on the testimony of the VE and the foregoing analysis, Myers would be able to perform work as a mail clerk, market, and routing clerk. (*Id.*) Accordingly, the ALJ found Myers had not been under a disability since the alleged onset date of December 14, 2020, through the date of the decision, and denied Myers' claim. (AR 32.)

## III.   ISSUE

Myers seeks judicial review of the Commissioner's final decision denying DIB under Title II of the Social Security Act. (ECF No. 15.) Myers raises the following two issues for this Court's review: (1) whether substantial evidence supports the ALJ's RFC determination; and (2) whether the ALJ provided "clear and convincing" reasons to explain why Myers' subjective limitations were excluded from the ALJ's RFC finding. (*Id.*)

## IV.   DISCUSSION

### A.   Substantial Evidence Supports the ALJ's RFC Determination.

First, Myers argues the ALJ's RFC determination lacks the support of substantial evidence. (ECF No. 15 at 5-8.) Specifically, Myers challenges the ALJ's finding that Myers would be off-task approximately three to five percent of the workday. (*Id.*) However, Myers does not challenge the ALJ's use or rejection of any of the medical evidence or other aspects of the RFC determination. (*See id.*) The Commissioner argues that Myers cited no evidence to indicate that he was more limited than the ALJ's RFC determination and even if the ALJ's determination was in error, the error is harmless. (ECF No. 17 at 5.)

The Court finds that substantial evidence supports the ALJ's RFC determination. During the hearing, the ALJ noted that the three to five percent estimation could be due to a "variety of reasons" and outlined in her decision the evidence she reviewed to come to decision that she did. (AR 57.) Myers' argument substantially rests on case law from outside of the Ninth Circuit. (*See* ECF No. 15 at 6.) Myers has not shown how or why,

under Ninth Circuit precedent, the ALJ determination was wrong and what evidence from the record would mandate a more significant limitation than the three to five percent off-task time. *See Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022) (ALJs are "capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work."). The Court is not convinced that there is less than a "mere scintilla" of evidence to support the ALJ's RFC determination. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (internal quotation marks and citation omitted) ("Substantial evidence is more than a mere scintilla but less than a preponderance.").

Even if the Court found that the ALJ erred in finding that Myers would only be off-task for three to five percent of the workday, the Court agrees with the Commissioner that such an error would be harmless. A reviewing court "may affirm the ALJ's decision even if the ALJ made an error, so long as the error was harmless, meaning it was inconsequential to the ultimate nondisability determination." *Ford v. Saul*, 950 F.3d 1141, 1159 (9th Cir. 2020) (cleaned up). The party arguing reversible error "carries the burden of showing that prejudice resulted" from the error and that burden "normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 408 (2009). Other than asking for the Court to reverse and award benefits or remand, Myers did not address that such an error was harmful in his opening brief and did not file a reply to the Commissioner's brief.

Additionally, Myers' issue with the RFC determination is limited to one aspect of the entire RFC finding, the off-task percentage. (ECF No. 15 at 5.) Myers has not shown how an error with the off-task percentage demands the Court to remand the entire case back to the ALJ. Thus, the Court finds the ALJ's RFC determination is free of legal error.

**B.   The ALJ properly articulated clear and convincing reasons for rejecting Myers' subjective testimony.**

Next, Myers argues the ALJ failed to provide clear and convincing reasons to reject Myers' subjective limitations and the only appropriate remedy is to reverse for the direct

reward of benefits remand. (ECF No. 15 at 8-12.) By contrast, the Commissioner argues the ALJ provided multiple valid reasons for discounting Myers' subjective testimony, namely that: (1) objective medical findings did not support the extent of his subjective limitations; (2) Myers' positive response to shoulder surgery contradicted his subjective limitations; and (3) Myers' daily activities contradicted his subjective limitations (ECF No. 17 at 8-16.)

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Id.* (quotation omitted); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony.").

In making an adverse credibility determination, the ALJ may consider, inter alia, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the

nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

A review of the record shows the ALJ provided specific, clear, and convincing reasons for finding Myers' statements concerning the intensity, persistence, and limiting effects of her symptoms less than credible.

### 1. Objective Medical Evidence

An ALJ "may not discredit the claimant's subjective complaints solely because the objective evidence fails to fully corroborate the degree of pain alleged." *Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020) (citing *Reddick*, 157 F.3d at 722). But an ALJ may discredit a plaintiff's testimony when it contradicts evidence in the medical record. *See Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995).

Here, the ALJ relied on objective medical evidence that supports the RFC rather than Myers' subjective allegations of pain and impairments. Although the ALJ cannot cherry pick objective medical evidence from the record, they can consider contrary objective medical evidence in making a credibility determination. Here, the ALJ provided a thorough summary of the medical evidence in which she highlighted specific objective findings that support the assigned RFC. (AR 25-30.) Because those findings conflicted with Myers' pain and symptom testimony, the ALJ found that Myers' testimony was not credible because it was inconsistent with the objective medical evidence. Thus, based on these findings, the ALJ found that Myers limitations did not allow him to perform past relevant work but that there are jobs that exists in significant numbers in the national economy that he could perform. (AR 30-31.) Accordingly, the Court finds the ALJ provided clear and convincing reasons for finding Myers' not credible to the extent his testimony exceeds the RFC determination.

### 2. Myers' Daily Activities

An ALJ may discredit a claimant's testimony when they report participation in everyday activities indicating capacities that are transferable to a work setting. *See Molina*, 674 F.3d at 1112-13; 20 C.F.R. § 404.1529(c)(3)(i). Further, the inconsistency between a claimant's alleged symptoms and their daily activities is sufficient to support a finding that

a plaintiff was not entirely credible. *See Lingenfelter*, 504 F.3d at 1040 (When determining credibility, an ALJ may consider "whether claimant engaged in daily activities inconsistent with alleged symptoms."). Specifically, daily activities may be grounds for discrediting a claimant's testimony when a claimant "is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferrable to a work setting." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

Here, the ALJ also found Myers' less credible because the account of his daily activities was inconsistent with his alleged limitations. (AR 28-29); *see Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (inconsistency between a claimant's alleged symptoms and his daily activities may be a clear and convincing reason to find a claimant less credible). The ALJ specifically pointed to multiple inconsistences between Myers' reported daily activities and his limitations. Myers alleges that due to his neck and shoulder pain, he has frequent headaches, pain lifting his harm, and cannot lift more than a half-gallon of milk; that he cannot stand for more than 20 minutes at a time; he has "really bad" days; his wife and daughter take care of him; he showers "when [he] can;" and he wants to be back in church but it is hard to sit for extended periods of time. (ECF No. 15 at 8-9 (citing AR 45-52).) Myers states he uses a TENS unit and "takes Norco, Tramadol, methocarbamol and prescription NSAID's to help manage his pain, in addition to receiving nerve blocks, ablations, and steroid injections." (ECF No. 15 at 9 (citing AR 75, 78, 85, 187, 575, 648, and 745).)

But as the ALJ listed in detail in her decision, Myers' daily activities included driving; getting along with friends, family, and authority figures; being able to follow instructions; paying bills; handling money; routine household chores; and taking care of himself. (AR 29-30.) The ALJ concluded that "[s]ome of the physical and mental abilities and social interactions required in order to perform these activities are the same as those necessary for obtaining and maintaining employment." (AR 30.)

Although the ALJ did not explain how each of Myers' activities contradicted his testimony, the above activities directly contradict Myers' testimony and the ALJ was

entitled to rely on them in discounting Myers' testimony. *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2017) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.") (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) ("If the evidence can reasonably support either affirming or reversing the Commissioner's decision, this panel may not substitute its judgment for that of the Commissioner"). Based on these, and other findings, the ALJ determined Myers' subjective symptom testimony was inconsistent with his alleged impairments. The Court finds no reason to doubt the ALJ's conclusion and Myers provides no significant information to challenge the ALJ's extensive findings.

### 3. Improvement with Treatment

"Impairments that can be controlled effectively with medication are not disabling." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); *see Bailey v. Colvin*, 669 Fed.Appx. 839, 840 (9th Cir. 2016) (unpublished) (no error in discounting claimant's testimony where "medical evidence suggest[ed] that many of [her] impairments had improved . . . or responded favorably to treatment"). Myers' providers, and Myers himself, reported a positive response to his shoulder pain after his December 2020 rotator cuff surgery. (AR 28.) The ALJ explains that Myers' physicians stated on multiple occasions after his surgery that he was "doing well" and "much better" and that he has a "good" or "normal" range of motion in his right shoulder. (AR 27-29, 745, 750, 831, 833, 846-47, 1066.)

Here, the ALJ reasonably relied on Myers' providers' statements regarding the effectiveness of the treatments and his own statements that he had some improvement with treatment. (AR 28-29.) *See* 20 C.F.R. §§ 404.1529(c)(3)(iv)–(v). The ALJ "did not summarily dismiss [Plaintiff's] pain complaints but instead carefully considered them." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993); *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) ("[Q]uestions of [symptom evaluation] and resolutions of conflicts in the testimony are functions solely of the Secretary.") (citation omitted). The Court finds

that this ALJ finding is a specific, clear, and convincing reason to discount Myers' testimony regarding his shoulder limitations due to his improvements following the December 2020 rotator cuff surgery.

Based on the above, the Court finds the ALJ provided "specific, clear and convincing" reasons supported by substantial evidence for discounting Myers' subjective limitations. *See Fair*, 885 F.2d at 604 ("Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation of excess pain, and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision.").

## V. CONCLUSION

Having reviewed the Administrative Record as a whole, and weighing the evidence that supports and detracts from the Commissioner's conclusion, the Court finds the ALJ's decision was supported by substantial evidence and is free of legal error.

Accordingly, **IT IS THEREFORE ORDERED** that Myers' motion for reversal and/or remand, (ECF No. 15), be **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk **ENTER JUDGMENT** and **CLOSE** this case.

**IT IS SO ORDERED.**

**DATED**: February 10, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**